IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>       Plaintiff,<br><br>   v.<br><br>FUSION JAPANESE STEAKHOUSE, INC.,<br>a Pennsylvania corporation, FUSION JAPANESE<br>STEAKHOUSE, INC., a West Virginia corporation,<br>Z&S INTERNATIONAL CUISINE, INC., a corporation,<br>d/b/a FUSION JAPANESE STEAKHOUSE OF<br>WHEELING, YUAN ZHENG XIAO, and<br>CHRISTINE XIAO,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin FUSION JAPANESE STEAKHOUSE, INC., a Pennsylvania corporation, FUSION JAPANESE STEAKHOUSE, INC., a West Virginia corporation, Z&S INTERNATIONAL CUISINE, INC., a West Virginia corporation, d/b/a FUSION JAPANESE STEAKHOUSE OF WHEELING, YUAN ZHENG XIAO, and CHRISTINE XIAO, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant FUSION JAPANESE STEAKHOUSE, INC., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 5 Trinity Point Drive, Washington, PA 15301. Defendant is engaged in a full-service restaurant business at the same address ("Fusion Washington"), within the jurisdiction of this court, offering for sale to the public sushi, hibachi, and other Japanese foods, as well as a full-service bar offering beer, wine, and liquor.

3. Defendant FUSION JAPANESE STEAKHOUSE, INC., is a corporation duly organized under the laws of West Virginia, with a registered office at 1500 Grand Central Avenue, Vienna, WV 26105. Defendant is engaged in a full-service restaurant business at the same address ("Fusion Vienna"), offering for sale to the public sushi, hibachi, and other Japanese foods, as well as a full-service bar offering beer, wine, and liquor.

4. Defendant Z&S INTERNATIONAL CUISINE, INC., d/b/a FUSION JAPANESE STEAKHOUSE OF WHEELING, is a corporation duly organized under the laws of West Virginia, with a registered office at 425 Cabela Drive, Triadelphia, WV. Defendant is engaged in a full-service restaurant business at the same address ("Fusion Triadelphia"), offering for sale to the public sushi, hibachi, and other Japanese foods, as well as a full-service bar offering beer, wine, and liquor.

5. Defendant Yuan Zheng Xiao resides at 16 Kingswood Court, Washington, PA 15301. Yuan Zheng Xiao is the president and co-owner of the corporation identified in Paragraph 2. Yuan Zheng Xiao is the incorporator, vice president, and co-owner of the corporation identified in Paragraph 3. Yuan Zhen Xiao is the incorporator, president, and co-

owner of the corporation identified in Paragraph 4. Yuan Xiao has directed employment practices and has directly or indirectly acted in the interests of Fusion Washington, Fusion Vienna, and Fusion Triadelphia (collectively, "Fusion Restaurants") in relation to their employees at all times relevant herein, including setting employees' conditions of employment, including the rates and methods of compensation, distributing pay in cash and by check to salaried employees, and establishing and maintaining a recordkeeping system for payments to salaried employees.

6. Defendant Christine Xiao is the registered agent, co-owner, and general manager of the corporation identified in Paragraph 3, and resides at 5123 Glenbrook Drive, Vienna, WV 26105. Christine Xiao has directed employment practices and has directly or indirectly acted in the interest of the Fusion Restaurants enterprise described in Paragraph 7 in relation to their employees at all times relevant herein, including supervising and directing the work of employees, distributing pay in cash and by check to salaried employees, and maintaining a recordkeeping system for payments to salaried employees.

7. The business activities of Defendants, as described herein, are the same or similar, are performed through unified operations or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r) of the Act. Defendants are engaged in the commercial restaurant business for profit, sharing the same "Fusion Japanese Steak House" name, logo, signage, marketing, menus, and restaurant formats, and having unified ownership, operation, and control.

8. Defendants have employed and are employing employees in and about their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce, including meat, seafood, produce, alcohol, and restaurant supplies. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.

Additionally, each of the defendant corporations identified in Paragraphs 2 through 4 above has employed and are employing employees in and about their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, alcohol, and restaurant supplies. Each of the defendant corporations identified in Paragraphs 2 through 4 has had annual gross volume of sales made or business done in an amount not less than $500,000.00.

Therefore, the employees of the Fusion Restaurants are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

9. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least October 18, 2014, through at least October 7, 2017, Defendants failed to compensate their employees at the Fusion Restaurants, including cooks, sushi chefs, hibachi chefs, dishwashers, bussers, and servers (collectively

"kitchen employees") who worked over 40 hours in a workweek at one and one-half times their regular rates. At the Fusion Restaurants, workweeks for many of these kitchen employees averaged between 50 and 60 hours, but kitchen employees did not receive time and one-half their regular rate for their overtime hours. Through Yuan Zheng Xiao's common direction, ownership, and control, Defendants paid many of the kitchen employees at the Fusion Restaurants semi-monthly salaries for all hours worked, regardless of the total hours worked per workweek, including hours worked in excess of 40 per workweek. At the Fusion Restaurants, Defendants also paid some kitchen employees a straight-time hourly wage for all hours worked, including overtime hours. At the Fusion Restaurants, Defendants did not keep any records of the hours their kitchen employees worked.

Defendants either knew or acted with reckless disregard as to whether their compensation practices for kitchen employees of the Fusion Restaurants violated the overtime provisions of the Act. The Fusion Restaurants and Yuan Zheng Xiao have paid back wages to employees on three prior occasions for violations of the minimum wage, overtime, and recordkeeping provisions of the Act, as a result of investigations by Plaintiff in 2010, 2011, and 2012.

10. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their kitchen employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

For example: At the Fusion Restaurants, Defendants failed to make, keep, and preserve records containing kitchen employees' full names, home addresses, occupations, sex, hours worked per day, hours worked per workweek, regular rates of pay, straight time wages earned,

overtime premium pay earned, total wages per pay period, date of payment, and pay period covered by payment.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of at least October 18, 2014, through at least October 7, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after October 7, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to the Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    Kate S. O'Scannlain
    Solicitor of Labor

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
Fax: (215) 861-5162

Oscar L. Hampton III
Regional Solicitor

*/s/ John M. Strawn*
John M. Strawn
Senior Trial Attorney
PA 49789
strawn.john@dol.gov
(215) 861-5145

*/s/ Brian P. Krier*
Brian P. Krier
Trial Attorney
PA 313826
krier.brian@dol.gov
(215) 861-5141

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff