UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

EUGENE SCALIA, Secretary of Labor, United States
Department of Labor

                              Plaintiff.

                    - against -                                    Civil Action No.: 2:19-cv-00496-CB

FUSION JAPANESE STEAKHOUSE, INC., a
Pennsylvania corporation, FUSION JAPANESE
STEAKHOUSE, INC., a West Virginia corporation,
Z&S INTERNATIONAL CUISINE, INC., a
corporation, d/b/a FUSION JAPANESE
STEAKHOUSE OF WHEELING, YUAN ZHENG
XIAO, and CHRISTINE XIAO,

                              Defendants.

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT

Jian Hang, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

## TABLE OF CONTENT

*I.*   *PRELIMINARY STATEMENT* ................................................................................. *1*

*II.*   *STATEMENT OF FACTS* ..................................................................................... *1*

*III.*   *ARGUMENT* ...................................................................................................... *1*

   a.   SUMMARY JUDGMENT STANDARD ..................................................................2

   b.   GENUINE DISPUTES EXISTS AS TO PLAINTIFF'S REPRESENTATION ON CERTAIN EMPLOYEES. ....3

   c.   Genuine Disputes exist as to whether Defendants violated Section 7(a) of the FLSA by failing to pay kitchen employees overtime. ......................................................................4

   d.   Genuine Disputes exist as to whether Defendants willfully violated the FLSA's overtime provisions. ...........................................................................................5

   a.   Defendants' recording keeping practice is never intended to violate FLSA. .............................6

*I.*   *CONCLUSION*...................................................................................................... *6*

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986) ................................................2

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986) ..........................................2

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968) ........................................................2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) .............................................2

**STATUTES**

29 U.S.C. § 207(a)(1) ........................................................................................................................................3

*Fed. R. Civ. P. 56(c)* ........................................................................................................................................2

## I.    <u>PRELIMINARY STATEMENT</u>

Defendants FUSION JAPANESE STEAKHOUSE, INC., a Pennsylvania corporation, FUSION JAPANESE STEAKHOUSE, INC., a West Virginia corporation, Z&S INTERNATIONAL CUISINE, INC., a corporation, d/b/a FUSION JAPANESE STEAKHOUSE OF WHEELING, YUAN ZHENG XIAO, and CHRISTINE XIAO, (collectively "Defendants") submit this memorandum of law in opposition of Plaintiff's motion for partial summary judgment brought by Plaintiff EUGENE SCALIA, Secretary of Labor, United States Department of Labor (collectively "Plaintiff"), representing the employees listed in the complaint schedule A(Doc. 1, FC[1], schedule A), with regard to certain employee's overtime claims and all claims against the Defendants.

Material disputes exist regarding the accuracy and credibility of Plaintiff's representation on certain employees, and method of calculating the back wages, and whether Defendants' records are ample.

Since Plaintiff has failed to demonstrate that a reasonable jury could not find for Defendants on the foregoing issue, Plaintiff's motion must be denied.

## II.    <u>STATEMENT OF FACTS</u>

Defendants paid their kitchen employees properly. Defendants refer to the Defendants' 56 (B) Counters Statements.

## III.    <u>ARGUMENT</u>

---

1

### a. *SUMMARY JUDGMENT STANDARD*

Summary judgment may only be granted when the movant carries its burden of demonstrating there is no genuine issue of material fact for trial, and that it is entitled to judgment as a matter of law. *See Fed. R. Civ. P. 56(c); See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986)*; Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Under the summary judgment rule, "the non-moving party may not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 2510. Absent such evidence, there exists no triable issue of fact and the movant is entitled to summary judgment as a matter of law. *Id*.

If the moving party meets its burden, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted). The non-movant must point to evidence that would allow a reasonable jury to find for him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Moreover, the non-movant must show that the existence of a genuine dispute over a material fact. A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Here, the court should deny Defendants' motion for summary judgment because genuine disputes exist as to Plaintiff's representation on certain employees, the accuracy of Defendants' time records and the payment records.

### b.   GENUINE DISPUTES EXISTS AS TO PLAINTIFF'S REPRESENTATION ON CERTAIN EMPLOYEES.

Subject to various exemptions, the FLSA requires employers to compensate employees "at a rate not less than one and one-half times the [employee's] regular rate" for hours worked in excess of forty in a given workweek. 29 U.S.C. § 207(a)(1). This obligation to pay overtime wages does not apply, however, with respect to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

As established in the Defendants' Motion for Partial Summary Judgment: 1) Shaoyun Sun aka Betty and Yuan Zheng Xiao are exempted from the overtime requirements of the FLSA pursuant to the executive exemption; 2) Head Chefs are exempted from the overtime requirements of the FLSA pursuant to the executive exemption; 3) Yuan Zheng Xiao, Qi Kun Chen and Yuan He Xiao's claims under FLSA should be dismissed because they are exempt business owners.

Also there are some employees who are family members of the individual Defendant Yuan Zheng Xiao and other shareholders, and they explicitly requested to withdraw from this lawsuit. (Defendants' document production D000921-942).

Therefore, there are material fact disputes on whether these people are "employees" of Defendants, and whether they could be represented by Plaintiff.

> ### *c. Genuine Disputes exist as to whether Defendants violated Section 7(a) of the FLSA by failing to pay kitchen employees overtime.*

> *a. Not all the kitchen workers worked in excess of Section 7(a)'s maximum hours threshold of forty hours per workweek during the relevant period.*

Plaintiff's calculation that kitchen worker worked in average of 57.4 hours per workweek during the relevant time period are based on unknown calculation. Even in Plaintiff's affidavits, none of the DOL investigators have established the calculation method of the "57.4" hours per workweek. On the contrary, even the DOL's internal investigation notes, some employees worked only 40 hours. (Ex. 5 of Barron Decl. DOL 103-104) On the contrary, most kitchen employees worked about five days, hibachi chef worked about four days unless someone is sick. (Yuan Zheng Xiao Dep. at 68:2-10) Some kitchen workers also have two and a half break day per week. (Ex. 5 of Barron Decl, DOL 109-110) During dinner break, the employees "take turns" to eat and when they are eating, others will take care of the work. Therefore they in fact take additional 30 minutes for dinner break.  (Yuan Zheng Xiao Dep. at 63:2-13, Christine Xiao Dep. at 61:15-62:9)

> *b. Even for kitchen workers who worked in excess of forty hours per workweek, Defendants paid overtime premium.*

There are material disputes on how Defendants pay their kitchen employees. First, Defendants contest Plaintiff's accusation on Defendants wrongfully paid kitchen worker "salaries".

Defendants have testified several times that the term "salary" is only used for calculation. Defendants did not "pay" their employees by "day",  but using a "day rate" as a unit to explain to their employees how much they can earn in a total pay period. In Chinese culture, a traditional pay period is a month, instead of two weeks. Thus, most Chinese immigrants and kitchen workers do

4

not appreciate a two-week payment period, and always prefer to do all calculation based on month. (Yuan Zheng Xiao Dep. at 29:7-30:24, Christine Xiao Dep. at 70:22-71:6, 80:25-81:12, 123:6-19) Plaintiff argued that Defendants paid the kitchen worker "based on the days he worked", which is not correct. The whole payment is intended to cover all the minimum wages and the overtime premium for each workweek above forty hours.  (Yuan Zheng Xiao Dep. at 29:7-30:24, Christine Xiao Dep. at 70:22-71:6) Second, Defendants contest that Plaintiff's accusation that paying employees a fixed rate is a violation of section 7 of FLSA. Defendants pay their kitchen employees based on their working time, meaning if the working hour remains the same, the payment remains the same. (Christine Xiao Dep at 80:25-81:12) Defendant have provided ample time records of their employees' schedule. (D00027-000920) According to the records, Defendants kitchen employees always have same hours in a workweek and thus are paid with fixed rate.

### d. Genuine Disputes exist as to whether Defendants willfully violated the FLSA's overtime provisions.

Defendants indeed received investigation letters from DOL. However, Defendants also testified that based on his limited English, it is to his best understanding that the first investigation is about the pay period, and he changed according; that the second investigation is about the tip sharing, and he changed according too. (Yuan Zheng Xiao Dep, 82:21-83:2, 86:18-87:17) Defendant Yuan Zheng Xiao was not given any instruction or communication from DOL of the violation of overtime premium. (Yuan Zheng Xiao Dep, 82:21-83:2)

### a.   *Defendants' recording keeping practice is never intended to violate FLSA.*

Plaintiff alleged that Defendants kept separate or "unequal" practices for American and foreign employees. This is not true. As illustrated aforehand, it is not Defendants refuse to keep the records and payroll for kitchen employees, rather the kitchen employees themselves refused to do so.

Before 2016, Defendants have required to employee to clock in and out. Defendants required all employees to clocked in and out for shifts after 2017. (Yuan Zheng Xiao Dep. at 57:5-20) It is not Defendants abandoned as a practice, rather it is because the employees always forgot. (Yuan Zheng Xiao Dep. at 57:5-14, 58:18-20, 59:5-14, Christine Xiao Dep. at 104:8-15). Left with no choice, Defendant had to keep schedules records with symbols. (Christine Xiao Dep. at 104:24-25)

In fact, two workers quitted because the calculation methods changed after 2017. (Christine Xiao Dep. at 68:21-69:23, 73:8-14)

## I.   CONCLUSION

As stated above, there are material disputes between Plaintiff and Defendants, that  a jury is necessary to determine the fact. Plaintiff's motion should be denied.

Dated: November 9, 2020
        Flushing, NY 11354

                                        Hang & Associates, PLLC

                                        By:_____/s/ *Jian Hang*_____
                                         Jian Hang, Esq.
                                        136-20 38th Avenue, Ste 10G
                                        Flushing, NY 11354
                                        (718) 353-8588
                                        *Attorneys for Defendants*