IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIN J. WALSH,                               )
                                               )
                    Plaintiff,                 )          2:19-CV-00496-CCW
                                               )
          v.                                   )
                                               )
FUSION JAPANESE STEAKHOUSE, INC.,              )
FUSION JAPANESE STEAKHOUSE, INC.,              )
Z&S INTERNATIONAL CUISINE, INC.,               )
YUAN ZHENG XIAO, CHRISTINE XIAO,               )
                                               )
                    Defendants.                )
                                               )
                                               )

## **ORDER**

AND NOW, before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF
No. 59, and Defendants' Motion for Partial Summary Judgment, ECF No. 61.  After due
consideration of the parties' briefing, Defendants' Motion is DENIED and Plaintiff's Motion is
GRANTED IN FULL as follows:

1. Defendant Fusion Japanese Steakhouse, Inc., a Pennsylvania corporation ("Fusion
   Washington"), is a covered enterprise under Sections 3(r) and 3(s)(1)(A) of the Fair Labor
   Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.;

2. Defendant Fusion Japanese Steakhouse, Inc., a West Virginia corporation ("Fusion
   Vienna"), is a covered enterprise under Sections 3(r) and 3(s)(1)(A) of the Fair Labor
   Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.;

3. Defendant Z&S International Cuisine, Inc., a West Virginia corporation ("Fusion
   Triadelphia," and together with Fusion Washington and Fusion Vienna, the "Restaurant

Defendants"), is a covered enterprise under Sections 3(r) and 3(s)(1)(A) of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.;

4. The Restaurant Defendants are jointly and severally liable as an "enterprise" under 29

   U.S.C. § 203(r)(1);

5. Defendant Yuan Zheng Xiao is individually liable as an "employer" under 29 U.S.C.

   § 203(d);

6. Defendant Christine Xiao is individually liable as an "employer" under 29 U.S.C. § 203(d);

7. All Defendants are liable for violating the overtime provisions of 29 U.S.C. § 207(a) by

   failing to pay their kitchen employees overtime premiums not less than time and one-half

   their regular rates for hours worked in excess of forty hours per workweek;

8. All Defendants are liable for violating the recordkeeping provisions of 29 U.S.C. § 211(c)

   by failing to make, keep, and preserve records of their kitchen employees' wages, hours,

   and other conditions of employment;

9. Defendants' violations of the overtime provisions of 29 U.S.C. § 207(a) were willful;

10. Defendants are liable to their kitchen employees for back wages for overtime violations in

    an amount to be determined at trial;

11. Defendants are liable for liquidated damages under 29 U.S.C. § 216(b) in an amount equal

    to the back wage liability to be determined at trial; and

12. All Defendants are **HEREBY PERMANENTLY ENJOINED** from further violating the

    FLSA as follows:

    a. Defendants shall not, contrary to 29 U.S.C. § 207, employ any of their employees,

       including but not limited to, any of their employees working at any business

       location owned, operated, and/or controlled by a Defendant, and at any other

business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under 29 U.S.C. §§ 207 and 215(a)(2), unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them; and

b.  Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at any business location owned, operated, and/or controlled by any Defendant, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) found at 29 C.F.R. Part. 516.

IT IS SO ORDERED.

DATED this 12th day of July, 2021.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record