IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>FUSION JAPANESE STEAKHOUSE, INC.,<br>FUSION JAPANESE STEAKHOUSE, INC.,<br>Z&S INTERNATIONAL CUISINE, INC.,<br>YUAN ZHENG XIAO, and CHRISTINE XIAO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-cv-496-CCW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT DEFENDANTS' FINANCIAL STATUS OR INABILITY TO PAY A JUDGMENT**

Plaintiff moves *in limine* to preclude Defendants from offering any evidence or argument that Defendants lack the ability to pay a large judgment or that a judgment in Plaintiff's favor would force Defendants out of business. The only issue at trial is the amount of back wages Defendants owe their employees. The Court already found Defendants liable for willful overtime and recordkeeping violations under the FLSA. At trial, Plaintiff seeks $893,207.07 in overtime back wages. Defendants may attempt to present evidence or argument that this amount – doubled by the Court's award of liquidated damages – will have a detrimental impact on their business, lead to bankruptcy, or force Defendants to close the businesses or lay off employees.

However, inability to pay a judgment is not a defense under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Therefore, any evidence or argument to this effect is irrelevant to this matter and is unduly prejudicial.

I. **Inability to pay is not a defense under the FLSA.**

In enacting the FLSA, Congress sought to prevent the perpetuation of substandard labor conditions for employees and unfair competition among businesses in interstate commerce. *U.S. v. Darby*, 312 U.S. 100, 122 (1941). With this in mind, "primary consideration is to be given, not to the individual defendant, but to the 'hardship' imposed upon a community by permissive existence of substandard labor conditions." *Wirtz v. Flame Coal Co.*, 321 F.2d 558, 560 (6th Cir. 1963) (*citing Darby*, 312 U.S. at 122). The remedy of awarding back wages is "meant to vindicate a public, rather than a private, right" and denying employees that remedy "is considered a continuing public offense." *Wirtz v. Malthor, Inc.,* 391 F.2d 1, 2 (9th Cir. 1968). Therefore, an employer's inability to pay a judgment is not a defense under the FLSA. *Torres v. Am. R. Co. of Porto Rico*, 157 F.2d 255, 256 (1st Cir. 1946) ("The Act does not exempt employers who are in financial difficulties.").

II. **Any evidence or argument about Defendants' inability to pay a judgment is irrelevant and unduly prejudicial.**

Thus, neither the size of Defendants' business nor the possible hardship of having to pay employees only what the FLSA guarantees them warrants denying employees damages. *Hodgson v. Taylor*, 439 F.2d 288, 290 (8th Cir. 1971). Therefore, the Court must exclude this evidence as irrelevant.

Further, the presentation of any evidence or argument related to Defendants' ability to pay will only serve to confuse the jury and prejudice Plaintiff. The jury may find in favor of the Plaintiff only to award a substantially smaller amount of back wages if Defendants are permitted to argue that an award will cause financial hardship or force them to close.

Therefore, Defendants should be precluded from offering any evidence or argument that they cannot pay a substantial judgment or that a judgment in Plaintiff's favor would cause them to close or lay off employees.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-5141 (voice)
(215) 861-5162 (fax)
krier.brian@dol.gov

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Brian P. Krier*
By: Brian P. Krier
PA ID No. 313826
Senior Trial Attorney

## CERTIFICATE OF SERVICE

      I certify that on November 4, 2021, I electronically filed the foregoing *Brief in Support of Plaintiff's Motion in Limine* with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to this document to all attorneys of record.

                                        */s/ Brian P. Krier*
                                        By: Brian P. Krier