IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIN J. WALSH,                                    )
                                                    )
                     Plaintiff,                     )        2:19-CV-00496-CCW
                                                    )
          v.                                        )
                                                    )
FUSION JAPANESE STEAKHOUSE, INC.,                   )
FUSION JAPANESE STEAKHOUSE, INC.,                   )
Z&S INTERNATIONAL CUISINE,                          )
INCYUAN ZHENG XIAO, CHRISTINE                       )
XIAO,                                               )
                                                    )
                     Defendants.                    )


## MEMORANDUM OPINION AND ORDER ON PRETRIAL MOTIONS IN LIMINE

Pending before the Court are (1) Defendants' omnibus motion in limine and (2) seven pretrial motions in limine filed by the Secretary of the United States Department of Labor ("DOL"). For the reasons set forth below, the Court resolves these motions as follows:

- Defendants' omnibus Motion in Limine to Exclude DOL's Exhibits P1 and P3 to P27, ECF No. 109, is **GRANTED** in part, **DENIED** in part and **DEFERRED** in part;

- DOL's Amended Motion in Limine to Exclude Evidence Related to Defendants' Executive Exemption Claim, ECF No. 119 is **GRANTED**;

- DOL's Motion in Limine to Exclude Undisclosed Witnesses and Evidence, ECF No. 101, is **GRANTED**;

- DOL's Amended Motion in Limine to Exclude Testimony and Other Evidence of Employees' Waiver of Rights, ECF No. 121, is **GRANTED**;

- DOL's Motion in Limine to Exclude and Strike the Deposition Designations of Yuan Zheng Xiao and Christine Xiao, ECF No. 100, is **GRANTED**;

- DOL's Motion in Limine and Counter-designations to the Deposition of Wage and Hour Investigator Nicholas Barron, ECF No. 106, is **GRANTED**;

- DOL's Motion in Limine to Preclude Inquiries into or Evidence of Employees' Immigration Status, ECF No. 102, is **GRANTED**; and

- DOL's Motion in Limine to Exclude Evidence or Argument About Defendants' Financial Status or Inability to Pay a Judgment, ECF No. 103, is **GRANTED**.

## I.     BACKGROUND

This action was brought under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA") by DOL against Defendants, who own and run multiple Japanese Steakhouse restaurants, for willfully failing to pay their kitchen employees an overtime premium, and failing to make and keep appropriate records, in violation of the FLSA.  ECF No. 80 at 1.  Defendants are Fusion Japanese Steakhouse, Inc., a Pennsylvania corporation, ("Fusion Washington"); Fusion Japanese Steakhouse Inc., a West Virginia corporation, ("Fusion Vienna"); Z&S International Cuisine, Inc. d/b/a Fusion Steakhouse of Wheeling ("Fusion Triadelphia") (collectively "Fusion Restaurants"); and two individuals, Yuan Zheng Xiao and Christine Xiao (the "Individual Defendants").

The Court granted DOL's partial motion for partial summary judgment in full and found that:  (1) the Fusion Restaurants are "covered enterprises" subject to the FLSA;  (2) the Individual Defendants, Yuan Zheng Xiao and Christine Xiao, are "employers" under § 3(d) of the FLSA;  (3) Defendants violated § 7(a) of the FLSA by failing to pay their employees statutory overtime premiums;  (4) Defendants violated § 11(c) of the FLSA by failing to make, keep, and preserve

the employment records of their kitchen employees;  (5) Defendants willfully violated the FLSA's overtime provisions;  (6) DOL is entitled to liquidated damages under § 16(c) of the FLSA;  and (7) the Court should enjoin Defendants from future FLSA violations.  ECF No. 80 at 8–29, 32. Only the amount of damages remains to be determined.  *Id.* at 8.  The Court also denied Defendants' motion for summary judgment, finding that material issues of fact remained as to whether Defendants' affirmative defense of the executive exemption had been waived because DOL did not have adequate notice of Defendants' intention to assert it.  ECF No. 80 at 29–31.

## II.      Legal Standard

"[A] motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party."  *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012).  A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence.  *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 U.S. Dist. LEXIS 131234, at *7 (W.D. Pa. Aug. 6, 2019) (internal citation omitted).

# III.     Analysis

## A.     Defendants' Omnibus Motion in Limine to Exclude DOL's Exhibits P1, P3 to P27, ECF No. 109, Will Be Granted in Part, Denied in Part, and Deferred in Part

### 1.     Proposed Exhibits P3, P4, and P6 through P22 Should Not Be Excluded

Proposed Exhibits P6 through P22 are statements obtained by DOL Wage and Hour investigators from employees on the premises of the Fusion restaurants (the "Kitchen Employee Statements"), as part of a DOL investigation of Defendants for FLSA violations.  ECF No. 126 at 2;  ECF No. 116 at 2–3.  Proposed Exhibits 3 and 4 are sworn statements from Fusion mangers Putu Suyasa, manager of the Fusion Washington location and Xiao Zhen Liang, Manager of Triadelphia (the "Manager Employee Statements," and together with the Kitchen Employee Statements, the "Written Employee Statements").  *See* ECF No. 128 at 1;  ECF No. 116 at 6–7.

### a.     The Parties' Arguments

Defendants seek to exclude the Written Employee Statements on the grounds of hearsay and set forth multiple arguments, some of general applicability and others based on specific documents. ECF No. 116 at 2–7.  As a general matter, Defendants contend that Rule 801(d)(2)(D) does not apply, because the Kitchen Employee Statements are from cooks, servers, and dishwashers who are not authorized speak on behalf of the Defendants.  *Id.* at 2–3.  Further, the Manager Employee Statements are each from individuals who managed only one of the three Defendant Restaurants, and thus statements regarding the Defendant Restaurants and their policies as a whole exceed the scope of manager's employment authorization.  *Id.* at 6–7.  Essentially, Defendants contend that the Written Employee Statements are not being made within the scope of the employee's relationship with Defendants.  *Id.*  Defendants further object that certain statements do not show that they were made during the existence of the informant's employment.  *Id.* at 3–4

4

(citing examples).  Defendants further contend that certain exhibits include hearsay within hearsay, including due to the issue of translation or interpretation.  *Id.* at 4–5.

DOL contends that the Written Employee Statements are admissible as non-hearsay under Rule 801(d)(2)(D) because they were made during the employment relationship and concern matters within the scope of the individual's employment relationship with Defendants.  ECF No. 126 at 3–4;  ECF No. 128 at 2–3.  DOL further contends that the Kitchen Employee Statements are also admissible business records under Rule 803(6), and that DOL Wage and Hour Investigator Nicholas Barron will lay the necessary foundation to admit these statements.  ECF No. 126 at 4–5.

### b.    Mr. Barron May Authenticate the Kitchen Employee Statements at Trial

As a threshold matter, Defendants argue that the Kitchen Employee Statements cannot be properly authenticated because they were taken by various investigators, some of whom may not testify at trial.  ECF No. 116 at 5.  DOL contends that Mr. Barron, as the lead DOL investigator, has the requisite knowledge to authenticate the Kitchen Employee Statements because he either took the statements himself or otherwise coordinated with and oversaw the investigator who did take the statement.  ECF No. 126 at 2 n.2.

Under Rule 901, to authenticate evidence, the "proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," and may do so via "testimony that an item is what it is claimed to be."  Fed. R. Civ. P. 901 (a)–(b).  "The proponent need not conclusively prove that a piece of evidence is authentic; '[a]ll that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what the proponent claims it to be.'"  *Langbord v. United States Dep't of the Treasury*, No. 06-5315, 2011 U.S. Dist. LEXIS 71779, *5 (E.D. Pa. July 5, 2011) (citing *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928

(3d Cir. 1985)).  The Third Circuit has recognized that the "burden of proof for authentication is slight" and that circumstantial evidence may be sufficient.  *McQueeney*, 779 F.2d at 928.

Given this light burden of authentication, and Mr. Barron's knowledge of the statements due to his capacity as lead investigator, Mr. Barron may authenticate the Kitchen Employee Statements at trial.

### c.    The Written Employee Statements Will Not Be Excluded Under Rule 801(d)(2)(D)

Next, the parties dispute whether an employee must be authorized to speak on behalf of the employer for a statement to be considered not hearsay under Federal Rule of Evidence 801(d)(2)(D).  Under Rule 801(d)(2)(D), a statement offered against an opposing party is not hearsay if it was "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).

Here, all but two of the Written Employee Statements[1] indicate that the employee was currently employed by one of the Fusion Restaurants at the time of their statement to the DOL Wage & Hour Investigator, by identifying "present" as the date of employment.[2]  In the context of

---

[1] Defendants did not submit the challenged exhibits when they filed their Motion in Limine.  Rather, they filed the parties' Joint Exhibit Chart as an Exhibit.  *See* ECF Nos. 109, 109-2, 116.  In accordance with the Final Pretrial Order, the parties emailed their exhibits to chambers.  ECF No. 91 ¶ 3(c).  Thus, the Court has reviewed such exhibits to resolve this motion and only cites, for convenience, those exhibits that were available elsewhere on the docket.

[2] Proposed Exhibit P6 uses the present tense and appears to show that the declarant was employed at the time of the statement, however the statement was taken while declarant "was/have been employed by Fusion for the approximate period of 1 year."  Proposed Exhibit P-13 shows that the date of interview is May 21, 2015, but the last date of employment was March 3, 2015.  Given the temporal ambiguity of these documents, DOL must establish that such statements were made when the declarant was currently employed by one of the Defendant Restaurants, otherwise such proposed Exhibits P-6 and P-13 are not admissible under Rule 801(d)(2)(D).

However, DOL contends that proposed Exhibit 13 is admissible as a business record under Fed. R. Evid. 803(6).  *See* ECF No. 126 at 2 n.3.  The Court finds that it would be admissible under Federal Rule of Evidence 803(6), so long as DOL presents appropriate testimony of the custodian or another qualified witness at trial, such as Mr. Barron, to lay its foundation.  In addition, this ruling on proposed Exhibit 13 will be deferred in part with respect to its scope until the Court receives further information from the parties regarding translation/interpretation issues associated with the Written Employee Statements, as further discussed in Section III.A.1.d.

FLSA cases, courts have focused on whether the statement itself concerns "a matter within the scope" of the declarant's employment, rather than whether the act of making such statement is within the declarant's duties. *United States DOL v. Unitil Serv. Corp.*, Civil No. 19-cv-693-LM, 2021 U.S. Dist. LEXIS 221792, at *18 (D.N.H. Nov. 17, 2021). As the District of New Hampshire recently explained in the context of employee statements similar to those at issue here:

> Whether making statements to a DOL investigator is "within the scope" of the person's employment with [Defendant] does not matter because the question under Rule 801(d)(2)(D) is only whether the statements themselves concerned matters within the scope of employment.

*Id.*; see also Fed. R. Evid. 801(d)(2)(D) Advisory Committee Notes ("A substantial trend favors admitting statements related to a matter within the scope of the agency or employment.").

DOL contends that the Kitchen Employee Statements relate to the "employees': (1) identities; (2) job titles and responsibilities; (3) hours worked; (4) rates and methods of pay; (5) supervision; (6) timekeeping practices; and (7) other similarly situated employees subject to the same employment practices." ECF No. 126 at 3. DOL asserts that the Manager Employee Statements concern "kitchen employees': (1) identities; (2) job responsibilities; (3) hours worked; (4) amounts and methods of wage payments; and (5) Defendants' time and recordkeeping practices." ECF No. 128 at 3.

Courts have determined that similar statements taken in the course of FLSA investigations are not hearsay because they concern matters within the scope of the declarant's employment. *Scalia v. Ghosn*, 451 F. Supp. 3d 1215, 1221 (W.D. Okla. 2020) (finding that statements made by "Defendants' own employees on matters like wages and breaks" "are within the scope of the employee-employer relationship while it existed."); *Solis v. China Star of Wichita, Inc.*, No. 08-1005-KMH, 2012 U.S. Dist. LEXIS 42335, at *6 (D. Kan. Mar. 28, 2012) (finding that kitchen

employee statements "concerning the hours worked and rates of pay are not hearsay," because they were "made while the individuals were employed by defendants and address matters within the scope of that relationship."); *cf. Am. Recycling & Mfg. Co. v. Sec'y of Labor*, 676 F. App'x 65, 70 n.2 (2d Cir. 2017) ("Statements [by employees] made to the [OSHA] compliance officer are admissible non-hearsay."); *Gaylon v. Chartis Glob. Investigations, Inc.*, CV H-10-0434, 2010 WL 11646662, *6 (S.D. Tex. Sept. 28, 2010) (finding that declaration recounting statements from defendant's employees regarding overtime hours were not hearsay).

Thus, under Rule 801(d)(2)(D), the Court concludes that the Kitchen Employee Statements are not hearsay to the extent they concern matters within the scope of the declarant's employment, specifically each employee's (1) identity;  (2) job title and responsibilities;  (3) hours worked;  (4) rates and methods of pay;  (5) direct supervision;  and (6) timekeeping.  The Court has narrowed the categories of matter within a kitchen employee's scope of employment listed in items (1)-(6) as compared to DOL's description of such items, *see* ECF No. 126 at 3.  Further, the Court finds that DOL's final category noted above—which DOL has articulated as statements concerning "(7) other similarly situated employees subject to the same employment practices"—is not within a kitchen employee's scope of employment, and therefore such statements do not fall within Rule 801(d)(2)(D)'s hearsay exclusion.

As such, statements falling within categories (1)–(6) are admissible;  statements within category (7), however, are not.  To the extent that the Kitchen Employee Statements contain categories of statements by employees outside of those enumerated above, the parties will be ordered to meet and confer and revise and resubmit joint exhibits with the inadmissible information redacted.

With respect to the Manager Employee Statements, the same reasoning applies; that is, because they are not hearsay under Rule 801(d)(2)(D), the Manager Employee Statements are admissible.  That said, because Putu Suyasa and Xiao Zhen Liang had supervisory and managerial duties, a broader range of matters come within the scope of their employment than are within the scope of the Kitchen Employees' employment.  For example, in their sworn interrogatories, Defendants identified managers Putu Suyasa and Xiao Zhen Liang as having responsibility for assigning work, scheduling work, supervising, hiring, firing, disciplining Fusion restaurants' employees;  as being involved in decisions concerning Defendants' compensation policies;  and as having knowledge or involvement in decisions concerning Defendants' creation and maintenance of employment records.  ECF No. 131 ¶¶ 5, 12-14;  *see also* ECF No. 128 at 3. Having reviewed proposed Exhibits P3 and P4, the Court determines that Manager Employee Statements are admissible in their entirety as not hearsay under Rule 801(d)(2)(D).[3]

Accordingly, Defendants' Motion in Limine, ECF No. 109, will be granted in part and denied in part, such that the Kitchen Employee Statements are admissible subject to appropriate redaction and the Manager Employee Statements are admissible in full.  However, this ruling will be deferred in part until the Court receives further information from the parties regarding

---

[3] Defendants also contend that because the manager employees may be called as witnesses by DOL, admitting these statements would be prejudicial, however they have failed to explain how it would be unfairly prejudicial, let alone how the danger of such prejudice substantially outweighs the statements' probative value. ECF No. 116 at 7.  Further, Defendants' argument that, because DOL has listed "Putu" as a "non-exempted employee" in the Complaint and damage calculation, DOL is estopped from contending that Putu Suyasa is a manager, is unpersuasive. *See id.* The Complaint and the damage calculations only identify an individual known as "Putu" for Fusion Triadelphia, whereas based on the interrogatory responses, Putu Suyasa is a manager at Fusion Washington. *See* ECF No. 1 at Schedule A; ECF No. 101-3 ¶¶ 12-14.  *See also,* ECF No. 95 at 3 (Defendants' Witness List identifying Putu Suyasa as manager of Fusion Washington and Putu Astana as Head Chef at Fusion Triadelphia).

translation/interpretation issues associated with the Written Employee Statements, as further discussed in Section III.A.1.d.

### d.   Neither Party Provides Sufficient Information to Exclude the Translator's Statements as Hearsay

Finally, Defendants contend that, because many of the interviews were not conducted in English, the translation or interpretation of statements made in those interviews is another layer of hearsay requiring exclusion. ECF No. 116 at 5.  DOL did not address this argument.  *See* ECF No. 126.

Although the Third Circuit Court of Appeals has yet to address the issue of the admissibility of translated or interpreted statements, the Middle District of Pennsylvania has adopted the view from other circuits that an interpreter or translator acts as either an agent of the party or an individual otherwise authorized to speak on the party's behalf, which then renders the interpretation or translation attributable as a party's own admission under Rule 801(d)(2).  *See Cmty. Ass'n Underwriters of Am. v. Queensboro Flooring Corp.*, No. 3:10-CV-01559, 2016 U.S. Dist. LEXIS 57233 (M.D. Pa. Apr. 29, 2016).  Such "language conduit" theory generally "presume[s] the admissibility of translated statements that are otherwise admissible, provided that there is no showing of unreliability or a motive to mislead."  *Id.* at \*19–20 (describing four-factor test to check for likely bias or unreliability on a case-by-case basis).  Because this is a case-by-case analysis, and Defendants have only raised this issue in a cursory way, the Court does not have sufficient information to determine which Written Employee Statements required interpretation/translation, and whether such interpretation/translation satisfies this test.

Accordingly, the parties will be ordered to meet and confer to discuss any hearsay objections to the Written Employee Statements on the grounds of translation or interpretation, and

to file a joint status report indicating:  (1) which of the Written Employee Statements were subject to translation or interpretation;  (2) which, if any, of the Written Employee Statements that were subject to translation or interpretation DOL may offer at trial;  and (3) which, if any, of the Written Employee Statements Defendants maintain a hearsay objection to on the grounds of  translation or interpretation.

To the extent, after conferral, Defendants maintain a hearsay objection on the grounds of translation or interpretation with respect to one or more of the Written Employee Statements that DOL may offer at trial, DOL shall be required to file a supplemental memorandum on why such objected-to Written Employee Statements are admissible;  and Defendants shall submit a response.

Following submission of the parties' Joint Report and any related supplemental memoranda, the Court will refine its ruling on admissibility of Written Employee Statements that are implicated by interpretation or translation issues.

### 2.      Proposed Exhibit P-1 Will Not Be Excluded

#### a.      The Parties' Arguments

Proposed Exhibit P-1 is a letter from Mr. Barron notifying the Defendants that the Secretary of Labor was initiating an investigation and requesting documents including, among other items, information regarding former and current employees' identities, hours, salary, timecards, and payroll.  ECF No. 127 at 1.  Defendants seek to exclude proposed Exhibit P-1 on the ground that the document is not relevant to employee hours or wages.  ECF No. 116 at 5–6.  DOL responds that the proposed Exhibit P-1 is relevant to damages because it shows what records DOL would have expected Defendants to have, and Defendants' failure to keep records means that DOL need only prove the amount of damages by "just and reasonable inference" using representative testimony and evidence.  ECF No. 127 at 1–2.  DOL further contends that proposed Exhibit P-1 is

relevant to provide the foundation for DOL to rebut any potential claims that Defendants kept time and payroll records for their kitchen employees.  *Id.* at 2.

### b.    Proposed Exhibit P-1 Is Relevant

Evidence is relevant if it "has 'any tendency to make a fact more or less probable than it would be without the evidence,' where 'the fact is of consequence in determining the action.'" *Forrest v. Parry*, 930 F.3d 93, 114 (3d Cir. 2019) (citing Fed. R. Evid. 401).

In its summary judgment opinion, this Court found that Defendants failed to keep employment records required by Section 11(c) of the FLSA. ECF No. 80 at 16–18.  Due to Defendants' failure to keep adequate records, proof of the amount of damages may be made by "sufficient evidence showing the amount and extent of [unpaid wages] as a matter of just and reasonable inference."  *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991) (citing *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687–88 (1946) *superseded by statute on other grounds*, *Carter v. Panama Canal Co.*, 463 F.2d 1289, 150 U.S. App. D.C. 198 (D.C. Cir. 1972)).

In other words, a defendant's deficient record keeping means that "[t]he court may [] award damages … even though the result be only approximate."  *Mt. Clemens Pottery*, 328 U.S. at 687–88.  Such "sufficient evidence" may include representative testimony and evidence, as well as other evidence to show the amount and extent of work "as a matter of just and reasonable inference."  *United States ex rel. IBEW Local Union No. 98 v. Farfield Co.*, No. 20-1922, 2021 U.S. App. LEXIS 20658, at *71 (3d Cir. July 13, 2021) ("*Mt. Clemens* also permits an award of back wages to non-testifying employees based on the representative testimony of only some employees.");  *see also*, *Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778, 813 (W.D. Pa. 2013) (Conti, J.) (noting that "an approximation will suffice in absence of accurate records" and allowing damage calculations based, in part, on documents and interviews regarding "employees' dates and

hours worked based upon descriptions of typical workweeks, amount and frequency of overtime, and vacation and sick days").

Then, the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens Pottery*, 328 U.S. at 687–88.

In this case, proposed Exhibit P-1 demonstrates that Mr. Barron requested records related to Defendants' pay practices. Although the Court has already found that the Defendants failed to keep these records, ECF No. 80 at 16–18, proposed Exhibit P-1 is relevant to contextualize the appropriate method by which the jury is to determine damages based on a sufficient evidence showing "just and reasonable inference" of the work. Indeed, both parties acknowledge and cite the "just and reasonable inference" standard in their proposed (separate) jury instructions. *See* ECF No. 97 at 26, 28. Therefore, proposed Exhibit P-1 will not be excluded.

### 3.    Proposed Exhibit P-5 Will Be Excluded

#### a.    The Parties' Arguments

Proposed Exhibit P-5 is a June 22, 2015 letter from Ms. Liang, the manager of Fusion Triadelphia to Mr. Barron, stating that she searched for the Defendants' records regarding past payments, discarded most of them, admits that doing so was a mistake, and acknowledges that she has sent Mr. Barron all that she could find. ECF No. 128 at 1; ECF No. 116 at 7.

Defendants contend that the exhibit is not relevant because Defendants' liability for their record-keeping violation has already been established, and even if the document were relevant, its probative value is substantially outweighed by the danger of unfair prejudice. ECF No. 116 at 7-8.

DOL responds that proposed Exhibit P-5 is relevant to why and how DOL reconstructed back wage damages.  In light of Defendants' record keeping violations, DOL contends it need only show the amount of back wages as a matter of just and reasonable inference.  ECF No. 128 at 1, 4.  For the reasons discussed with respect to proposed Exhibit P-1, *see* Section III.A.2.b, proposed Exhibit P-5 is relevant to contextualize for the jury the method by which DOL may prove damages. Thus, the Court finds that this document is relevant.

### b.  Proposed Exhibit P-5 Should Be Excluded Under Rule 403

The Court then turns to whether the probative value of Exhibit P-5 is substantially outweighed by the danger of unfair prejudice.  Defendants contend that the prejudicial impact results from the jury assuming Defendants' liability when they view proposed Exhibit P-5. ECF No. 116 at 7–8.  DOL does not address Defendants' argument that the document is unfairly prejudicial.

Under Federal Rule of Evidence 403, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice…, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Due to the Federal Rules of Evidence's "generally liberal approach to the admissibility of evidence, … there is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be substantially outweighed by the problems in admitting it."  *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 85 (3d Cir. 2019) (internal citations and quotations omitted).

In the parties' Joint Proposed Jury Instructions, which were filed concurrently with the Motions in Limine, both parties included the following sentence in their respective "Undisputed Facts," which they request the Court to read to the jury:

> On June 22, 2015, Xiao Zhen "Jenny" Liang, manager of Fusion Triadelphia, admitted in a letter to Assistant District Director Barron that she threw away most of the receipts of payment (or "Cash Logs") that documented payments to kitchen employees.

ECF No. 97 at 11, 16. The substance of Proposed Exhibit P-5 is therefore addressed by the undisputed fact that the parties both seek to present to the jury. Because the parties agree that the jury will hear the substance of Exhibit P-5 via their statement of undisputed facts, presentation of Exhibit P-5 itself will be duplicative and may increase the prejudice of that information. Therefore, the Court finds that its probative value is substantially outweighed by a danger of unfair prejudice, wasting time, or needlessly presenting cumulative evidence and the Court will exclude proposed Exhibit P-5, without prejudice to revisiting this ruling if necessary at trial.

### 4. Proposed Exhibits P-23 through P-26 Will Not Be Excluded

#### a. The Parties' Arguments

Proposed Exhibits P-23 though P-26 are DOL's calculations of overtime back wages for employees at the Fusion Restaurants and DOL's back wage reconstruction methodology. ECF No. 129 at 1. Defendants seek to exclude proposed Exhibits P-23 though P-26 on the grounds that Mr. Barron cannot authenticate the back wage calculations because he only did the initial calculations, and another investigator completed the calculations after Mr. Barron was promoted. ECF No. 116 at 8. DOL contends that Mr. Barron, as lead investigator, has personal knowledge of the evidence underlying the computations summarized and synthesized in proposed Exhibits P-

23 though P-26 as well as the methodology for reconstructing back wages in the absence of records.  ECF No. 129 at 2.

> **b.      Proposed Exhibits P-23 through P-26 Are Admissible Subject to Proper Authentication at Trial**

As discussed above, in Section III.A.1.b, the "burden of proof for authentication is slight" and may be met by circumstantial evidence.  *McQueeney*, 779 F.2d at 928.

DOL asserts that Mr. Barron will be able to authenticate proposed Exhibits P-23 though P-26 due to his responsibility as lead investigator, because he prepared "the computations based on all the evidence available, including employee-witness statements, employer admissions, Defendants' cash logs, and other extant records."  ECF No. 129 at 2.  DOL further asserts that Mr. Barron has personal knowledge of the evidence underlying the computations and, in many instances, personally gathered the evidence.  *Id.*

Given the "slight" burden for authentication, the Court finds that proposed Exhibits P-23 though P-26 are admissible subject to appropriate authentication at the time of trial.

> **5.      Proposed Exhibit P-27 Will Not Be Excluded**

> **a.      The Parties' Arguments**

Proposed Exhibit P-27 is a compilation of several employee rosters and contact lists that were collected by Wage and Hour investigators during their investigation.  ECF No. 130 at 1. Defendants seek to exclude proposed Exhibit P-27 on the grounds that Mr. Barron cannot authenticate these documents.  ECF No. 116 at 9.  DOL contends that the requirements for authenticated evidence under Fed. R. Evid. 901(a) are relatively light and that Mr. Barron will be called and four other Wage and Hour investigators may be called to authenticate the lists that were collected from Defendants.

**b.    Proposed Exhibit P- 27 Is Admissible Subject to Proper Authentication at Trial**

As discussed, the burden of proof for authentication is slight.  *McQueeney*, 779 F.2d at 928.  Defendants have cited no legal authority as to why Mr. Barron cannot authenticate these documents, which appear to have been collected from Defendants themselves.  Here, DOL contends that because of Mr. Barron's role as the lead investigator, he is competent to testify to and authenticate all of DOL's proposed Exhibit 27, because he was responsible for the investigations and compiling the underlying investigative files.  Thus, Court finds that proposed Exhibit P-27 is admissible subject to appropriate authentication at trial.

Further, the Court notes that these documents may be self-authenticating.  Although the documents at issue appear to have a DOL Bates number, Defendants cite these same documents in their Brief in Opposition to DOL's Motion in Limine to Exclude Undisclosed Witnesses and Evidence, ECF No. 101, for the proposition that *Defendants identified* certain individuals as part of their document production.  *See* ECF No. 123 at 3 ("The employees are identified in parties document production. [ECF No. 123-2 at] 1–6.");  *but see* ECF No. 125 (Defendant contending that the "Plaintiff ha[s] produced the employee list, which include the three witnesses.")

"[D]ocuments produced by a party in discovery are deemed authentic when offered into evidence by the producing party's party-opponent."  *Schedler v. Fieldturf United States*, No. 3:16-CV-344-PK, 2018 U.S. Dist. LEXIS 224884, at *13 (D. Or. Sep. 11, 2018*); Bouriez v. Carnegie Mellon Univ.*, Civil Action No. 02-2104, 2005 U.S. Dist. LEXIS 60369, at *11 (W.D. Pa. July 27, 2005) (Schwab, J.) (denying plaintiffs challenge to the authentication of documents which plaintiffs produced to defendant during discovery, because the "proponent of evidence sufficiently authenticates a document by presenting evidence that demonstrates that the proffered document is what its proponent claims it to be…[p]laintiffs produced [] the documents challenged, and

therefore have attested to the authenticity of the documents."); *Jones v. Chapman*, Civil Action No. ELH-14-2627, 2017 U.S. Dist. LEXIS 64781, at 10-11 (D. Md. Apr. 28, 2017) ("Defendants 'cannot have it both ways.  They cannot voluntarily produce documents and implicitly represent their authenticity and then contend they cannot be used by the Plaintiffs because the authenticity is lacking.'") (collecting cases); 31 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. § 7105 (2d ed.) ("Authentication can . . . be accomplished through judicial admissions such as . . . production of items in response to [a] discovery request.").

Thus, to the extent these documents were produced by Defendants during discovery, they are self-authenticating.  If they were not, they are admissible subject to appropriate authentication at trial.

**B.      DOL's Amended Motion in Limine to Exclude Evidence Related to Defendants' Executive Exemption Claim, ECF No. 119, and DOL's Motion in Limine to Exclude Undisclosed Witnesses and Evidence, ECF No. 101, Will Be Granted**

**1.      The Parties' Arguments**

DOL seeks to exclude any evidence that certain of Defendants' employee managers and head chefs[4] are exempt from the FLSA's overtime provisions under the FLSA's executive employee exemption. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100(a); *see also*, ECF 120 at 1 (citing ECF No. 94 at 4–5 and  ECF No. 95 at 3–4).  DOL sets forth multiple grounds for the exclusion:  (1) Defendants waived the affirmative defense by failing to plead it;  (2) Defendants failed to provide or supplement information regarding the executive exemption for these individuals during discovery;   (3) evidence regarding the executive employee exemption is irrelevant because Defendants cannot assert the exemption as a matter of law due to the Court's

---

[4] Although DOL states that it seeks to exclude nine individuals on Defendants' witness list, there are ten people listed on the portion of the offer of proof DOL cites.  This discrepancy does not affect the Court's resolution of this motion, because we find that Defendants have waived the affirmative defense.

finding Defendants paid these employees "day rates";  and (4) Defendants plagiarized the facts in

a document and affidavit in this case setting forth the head chef responsibilities from a Southern

District of New York judicial opinion.  *See* ECF No. 120.  In response, Defendants contend that

(1) evidence regarding the executive exemption defense is relevant and whether the defense has

been waived is subject to jury determination;  (2) Defendants disclosed the executive exemption

during discovery;  (3) whether the purported exempt-employees meet "salary basis" is an issue for

trial not foreclosed by this Court's summary judgment finding;  (4) no prejudice exists;  and (5)

the declaration was not plagiarized and Defendants' counsel is also counsel in the Southern District

of New York case.  *See* ECF No. 123.

In a separate, but related, motion in limine, DOL also seeks to exclude under Fed. R. Civ.

P. 37(c)(1) previously undisclosed witnesses and evidence—specifically, (1) testimony by Putu

Astana (Head Chef at Fusion Triadelphia), Tarmin Moezizat, (Hibachi Chef at Fusion Triadelphia)

and Jin Akita (Kitchen Head Chef at Fusion Vienna), who, according to Defendants' Pretrial

Statement, are supervising employees who will testify regarding their managerial duties and (2)

all evidence that Qi Kun Chen is exempt as an owner of Fusion Triadelphia.  *See generally*, ECF

No. 113 at 2;  *see* ECF No. 94 at 5.  Defendants contend that they disclosed Putu Astana, Tarmin

Moezizat, and Jin Akita in discovery, and even if they did not, such non-disclosure is harmless and

does not warrant exclusion.  ECF No. 125 at 1–5.  Defendants further contend, among other

arguments, that Qi Kun Chen was disclosed as a business owner and manager during discovery.

ECF No. 125 at 5–7.

Because the Court's resolution of DOL's Amended Motion in Limine to Exclude Evidence

Related to Defendants' Executive Exemption Claim, ECF No. 119 also disposes of the issues

raised in DOL's Motion in Limine to Exclude Undisclosed Witnesses and Evidence, ECF No. 101,

the Court has considered the arguments regarding both Motions together.

### 2.  The FLSA Executive Exemption

Section 213(a)(1) of the FLSA exempts employees who are employed in a "bona fide

executive, administrative, or professional capacity" from the overtime provisions of the FLSA (the

"executive employee exemption").  29 U.S.C. § 213(a)(1);  *see e.g.*, *Dooley v. CPR Restoration &*

*Cleaning Servs.,* LLC, 591 F. App'x 74 (3d Cir. 2014).  FLSA regulations define "employee

employed in a bona fide executive capacity" as:

> (1) Compensated on a salary basis . . . not less than $684 per
> week[5] . . . ; (2) Whose primary duty is management of the enterprise
> in which the employee is employed or of a customarily recognized
> department or subdivision thereof; (3) Who customarily and
> regularly directs the work of two or more other employees; and (4)
> Who has the authority to hire or fire other employees or whose
> suggestions and recommendations as to the hiring, firing,
> advancement, promotion or any other change of status of other
> employees are given particular weight.

29 C.F.R. § 541.100(a).  An individual may also be considered an "employee employed in a bona

fide executive capacity" if he or she "owns at least a bona fide 20-percent equity interest in the

enterprise in which the employee is employed… and is actively engaged in its management."[6]  29

C.F.R. § 541.101.

Here, DOL's Motions in Limine, ECF Nos. 101 & 119, seek to exclude evidence that

certain individuals identified in Defendants' pretrial statement and offers of proof are subject to

either executive employee exemption or the business owner exemption.  ECF No. 113 (seeking to

---

[5] The salary basis was increased from $455 to $684 effective January 1, 2020.  *See* Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 84 Fed. Reg. 51230 (Sept. 27, 2019).

[6] In which case, the salary requirements set forth in 29 C.F.R. Subpart G do not apply.  *Id.*

preclude evidence related to executive employee exemption for three head chefs and an alleged owner);  ECF No. 120 (seeking to exclude all evidence regarding managers or head chefs under the executive exemption and referring to ECF No. 94 at 4–5 (identifying owner/employers and managers and head chefs as supervising employees) and  ECF No. 95 at 3–4 (identifying managers and head chefs).

### 3. Even if Defendants Provided Notice of the Executive Exemption Affirmative Defenses, Such Notice Was Not Sufficient to Avoid Prejudice to the DOL

FLSA exemptions such as the executive exemption under § 213(a)(1) are affirmative defenses and the burden is on the defendant to establish them.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974);  *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 185 (3d Cir. 2014); *Jones v. Giant Eagle, Inc.*, 2:18-cv-00282-DSC, 2019 U.S. Dist. LEXIS 142135, at *9 (W.D. Pa. Aug. 20, 2019) (Eddy, M.J.) *report and recommendation adopted by,* 2019 U.S. Dist. LEXIS 167663 (W.D. Pa. Sep. 30, 2019).

In its summary judgment opinion issued July 12, 2021, the Court denied Defendants' motion for summary judgment, which alleged that eleven individuals were, as a matter of law, either exempt under the executive employee exemption, 29 C.F.R. § 541.100, or exempt business owners, 29 C.F.R. §§ 541.101.  *See* ECF No. 80 at 31;  *see also* ECF No. 62.  The Court found that although Defendants had never pled the executive employee exemption, DOL had allocated some discovery requests to issues bearing on such exemption;  thus, the Court held that material issues of fact remained as to whether DOL was on notice that Defendants intended to argue the affirmative defense of executive exemption.  ECF No. 80 at 29–31.  DOL urges this Court to determine this issue prior to trial, whereas Defendants maintain that such issue is for the jury. *Compare* ECF No. 92 at 10–14 *and* ECF No 120 at 2 *with* ECF No. 123 at 2.

After this Court's summary judgment opinion, the Third Circuit Court of Appeals in *Clews v. Cnty. of Schuylkill* applied the Third Circuit precedent to the FLSA's personal staff exception affirmative defense.  12 F.4th 353, 358 (3d Cir. 2021).  In doing so, the Third Circuit noted that "[u]nder our precedents, 'affirmative defenses may be raised at any time, even after trial, *so long as the plaintiff suffers no prejudice*.'"  *Id.* (citing *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012) (emphasis added);  *see also Woodson v. Scott Paper Co.*, 109 F.3d 913, 924 n.9 (3d Cir. 1996) ("failure to assert an affirmative defense in an answer will not result in waiver if the opposing party has notice of the defense sufficient to avoid prejudice.").  To establish such prejudice, the plaintiff must show that a defendant's failure to raise the specific defense "deprived [plaintiff] of an opportunity to rebut that defense or to alter [its] litigation strategy accordingly." *Id.* (citing *In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008)).

Applying *Clews*, the Court now finds that even if DOL had notice that Defendants would raise the affirmative defense, which we do not determine, DOL nonetheless has suffered a significant prejudice due to Defendants' failure to properly raise the executive employee exemption affirmative defense.  Therefore, DOL did not have "notice of the defense *sufficient to avoid prejudice*."  *Woodson*, 109 F.3d at 924 n.9 (emphasis added).  DOL's motion to exclude evidence related to Defendants' purported executive exemption defense will therefore be granted.  Indeed, as demonstrated below, Defendants have consistently failed to raise or otherwise identify the executive employee exemption affirmative defense in a way that was sufficient to avoid prejudice.

First, Defendants inaccurately answered several interrogatories on issues related to the executive employee exemption, including hiring and firing authority and managerial capacity.[7] These interrogatories sought the identities of "individual(s)" or "all management employees"; however, in response, Defendants only identified one person per restaurant: Putu Agus Arjawa Suyasa, known as "Gustaf" (Fusion Washington);  Defendant Christine Xiao (Fusion Vienna);  and Xiao Zhen Liang, known as "Jenny" (Fusion Triadelphia).  Defendants now seek to introduce testimony from multiple head chefs and other managers as exempt under the executive employee exemption.[8] *Compare* ECF No. 101-3 ¶¶ 12–14 *with* ECF No. 95 at 3–4.  Had Defendants properly notified DOL of their affirmative defense or responded to the interrogatories in a way that would have put DOL on notice of Defendants' intention to assert the defense, DOL would have been able to conduct further discovery of the individuals that Defendants now seek to introduce at trial "to rebut that defense or to alter [its] litigation strategy accordingly."  *Clews*, 12 F.4th at 358 (citing *In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008)).

Second, reviewing the entire record, the aforementioned interrogatories were not the only opportunity that Defendants had to give DOL notice of its affirmative defense sufficient to avoid prejudice.  In February 2020, DOL sought assistance from the Court for discovery on the specific issue of affirmative defenses, *see* ECF No. 119-2 at 2, and then-presiding Judge Bissoon ordered

---

[7]  The interrogatories were as follows: "12. Identify the individual(s) responsible for hiring, firing, disciplining, assigning work, scheduling, and supervising the work of employees during the relevant time period;  13. Identify all management employees of Defendants who have knowledge of or were involved in decisions during the relevant time period concerning Defendants' compensation policies, including, [list of compensation-related requests];  14. Identify all management employees of Defendants who have knowledge of or were involved in decisions concerning Defendants' creation and maintenance of employees' employment records."  ECF No. 101-3 ¶¶ 12–14.

[8]  Head Chefs are expected to testify about:  "their primary duty of management of the restaurant; [how they] customarily and regularly direct[] the work of two or more other employees;  and have [] the authority to hire or fire other employees or the ability to give suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees."  ECF No. 95 at 3-4.  Two managers are expected to testify about their:  "meetings, discussions, and/or interactions with or concerning employees throughout the course of employees' employment, employees' work performance, employees' working schedules…."  ECF No. 95 at 3.

Defendants to produce any outstanding discovery by March 6, 2020, or the Court would entertain a motion for sanctions.  *See* ECF No. 31.  According to DOL, Defendants produced unrelated documents and represented that they had nothing else to produce.  ECF No. 120 at 3 (citing ECF No. 119-3).  This too prejudiced DOL, because had Defendants properly notified DOL of its affirmative defense or otherwise produced responsive documents, DOL would have been able to conduct further discovery on such documents "to rebut that defense or to alter [its] litigation strategy accordingly."  *Clews*, 12 F.4th at 358 (citing *In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008)).[9]

Defendants contend that DOL was on notice of their affirmative defense due to settlement discussions on the issue.  ECF No. 123 at 3.  While it is unclear when those settlement discussions occurred,[10] a review of the docket shows that settlement discussions took place on September 8, 2020, which was less than ten days before the close of discovery—which itself had been extended at least four times.  *See* ECF Nos. 29, 34, 36, 40, 45, 50.  Judge Bissoon acknowledged that statements made during settlement negotiations did not create a duty to amend Defendants' responses to DOL's request for admissions;  however, Defendants were still under their general

---

[9] For example, shortly before the close of discovery in September 2020 (which was nine months after Defendants' interrogatory responses) Defendants produced a document created by Defendants' attorneys identifying nine head chefs and their duties, which was based on information allegedly provided by Defendant Yuan Zheng Xiao.  ECF No. 120 at 5;  *see* ECF No. 57 at 6; ECF No. 53-3.  The same information contained therein was submitted as an affidavit in support of Defendants' motion for summary judgment.  ECF No. 120 at 5;  ECF No. 119-5.  Such document contradicted depositions by Christine Xiao and Yuan Zheng Xiao several weeks earlier, which detailed how head chefs were primarily responsible for cooking.  *Compare* ECF No. 57-6 at 5, 50:13-51:11 *and id.* at 7-8, 52:6-53:3 *and* ECF No. 57-5 at 4, 50:4-13 *with* ECF No. 53-3 and ECF No. 61-4.  Defendants have offered no reason why this information was not produced earlier and the document appears to be an almost verbatim copy of a Rule 56.1 statement submitted in *Yeh v. Han Dynasty, Inc.*, 18 CIV. 6018 (PAE), 2020 WL 883501 (S.D.N.Y. Feb. 24, 2020).  Although Defendants' counsel represents that it is counsel for *Yeh v. Han Dynasty, Inc.*, *see* ECF No. 123 at 4 ("Han Dynasty Inc. matter is also represented by this firm.").  a review of the docket in that case shows that Defendants' counsel never entered an appearance in that case.

[10] Defendants contend that "the exemption argument was presented and known by DOL as [the] parties have engaged in settlement discussion[s].  During the mediation, DOL was fully informed about Defendants' affirmative defense," ECF No. 123 at 3.  If Defendants are referring to the November 2019 mediation, ECF No. 27, Defendants have not offered any explanation for their failure to properly identify the exempt employees in the course of discovery.

discovery obligations.  *See* ECF No. 50 ("This ruling should not be interpreted, however, to mean that Defendants are excused from any other amendment required under the prevailing legal standards.").

Finally, Defendants waited until the close of discovery—approximately 15 months after filing their answer—to move to amend their answer to assert the executive employee exemption as an affirmative defense on the basis that some individuals are shareholders, managers, and head chefs.  Then-presiding Judge Bissoon denied Defendants' motion "on the grounds of undue and unexcused delay," which also counsels in favor of finding a prejudice to DOL.  ECF No. 58;  *see also*, *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (noting that that when "[u]ndue delay is protracted and unjustified… it can place a burden on the court or counterparty") (internal quotations omitted)).

Defendants have had multiple opportunities to properly put DOL on notice of their affirmative defense in a way that would not have prejudiced DOL.  However, Defendants have consistently evaded their obligation, not only to notify DOL of that affirmative defense, but to otherwise provide information related to the executive employee exemption.  Thus, Defendants have failed to provide notice "*sufficient to avoid prejudice*."  *Woodson*, 109 F.3d at 924 n.9 (emphasis added).  This consistent evasion is a significant prejudice that has "deprived [plaintiff] of an opportunity to rebut that defense or to alter [its] litigation strategy accordingly," *Clews*, 12 F.4th at 358, and is dispositive on the issue of waiver.  Thus, Defendants should not be permitted to raise this affirmative defense at trial.  *Duran v. Cnty. of Clinton*, 380 F. Supp. 3d 440, 457 n.9 (M.D. Pa. 2019) ("So long as a district court has jurisdiction over a case, it has the inherent power to reconsider prior interlocutory orders when consonant with justice to do so." (internal citations and quotations omitted)).

### 4.     Even If Defendants Had Not Waived the Executive Employee Exemption Affirmative Defense, Such Evidence Would Be Excluded under Rule 37

Under Rule 26(e), "a party…who has responded to an interrogatory…must supplement or correct its … response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e);[11]  *Veverka v. Royal Caribbean Cruises Ltd*., 649 F. App'x. 162, 166 (3d Cir. 2016);  *Kacian v. Brennan*, 2017 U.S. Dist. LEXIS 32629, at *8–9 (W.D. Pa. Mar. 8, 2017) (Gibson, J.).  As discussed above, Defendants failed to supplement their responses to DOL's interrogatories.  Rather, Defendants point to a set of documents identifying hundreds of employees with various degrees of legible handwriting, who are frequently identified multiple times, without last names, with nicknames, and/or without a clear indication of job responsibilities.  *See* ECF No. 123-2;  *see also* ECF No. 125 at 4–5.  This falls short of a "clear and unambiguous [disclosure] where the opposing party identifies the potential witness, their scope of knowledge, and their relevance to the case."  *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 U.S. Dist. LEXIS 44913, at *13 (D.N.J. May 7, 2010) (collecting cases).

---

[11] The parties also dispute whether Defendants properly identified the witnesses in their Rule 26 initial disclosures. ECF No. 120 at 3–4; ECF No. 113; ECF No. 123 at 3; ECF No. 125 at 1–2.  Defendants identified "former and current employees" as persons who "may have discoverable information that may be used to support Defendants' defenses in this case."  ECF No. 125 (citing ECF No. 125-1 at 2, 6);  ECF No. 123 (citing ECF No. 123-1).  However, such disclosure is insufficient with respect to specific managers or head chefs that are alleged to be exempted executive employees, particularly when considered with the fact that Defendants further failed to identify them in their interrogatories. *See Wachtel v. Guardian Life Ins.*, Civil Action No. 01-4183 (FSH), 2005 U.S. Dist. LEXIS 51523, at *7, 10-11 (D.N.J. Aug. 31, 2005) (finding that "defendants' boilerplate language" without names, addresses, or telephone numbers "is precisely the type of disclosure [Rule 26(a)(1)] seeks to prevent," particularly when defendants are "in the best position to identify [their own] employees who might possess information relevant to the claims and defenses.").

### a.      Exclusion of Undisclosed Head Chefs and Managers Is Warranted Under Rule 37(c)

In determining whether to exclude non-disclosed evidence, district courts must consider four factors:  "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;  (2) the ability of the party to cure that prejudice;  (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court;  and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation."  *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *see e.g.*, *Gucker v. United States Steel Corp.*, 2016 U.S. Dist. LEXIS 11519, at *13–16 (W.D. Pa. Jan. 31, 2016) (Fischer, J.).  In addition, the Court should also consider the party's explanation for failing to disclose as well as the importance of the excluded evidence, the latter of which is often the most significant factor.  *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012); *Orion Drilling Co., LLC v. EQT Prod. Co.*, Civil Action No. 16-1516, 2018 U.S. Dist. LEXIS 208873, at *22 (W.D. Pa. Dec. 11, 2018) (Kelly, M.J.).

### i.      DOL Would be Prejudiced or Surprised by the Undisclosed Evidence

As discussed in Section III.B.3, due to Defendants' consistent failure to notify DOL of its affirmative defense or otherwise properly identify responsive information in discovery, the Court finds that DOL would be prejudiced and surprised by admission of the undisclosed evidence.  *See Wachtel*, 2005 U.S. Dist. LEXIS 51523, at *23 ("[P]rejudice exists when the surprised party likely would have conducted discovery differently…. [D]efendants' late disclosure has, effectively, deprived plaintiffs of the opportunity to conduct thorough fact investigation and to depose the witnesses.").

ii. **The Ability of the Party to Cure that Prejudice and the Extent to which Allowing the Evidence Would Disrupt the Orderly and Efficient Trial of the Case or Other Cases in the Court**

Defendants assert that even assuming surprise or prejudice, DOL has the ability to cure such prejudice, because it is an investigative agency that should have conducted interviews of all Fusion Restaurant employees and identified their managerial roles. ECF No. 125 at 4. Defendants further assert that this evidence would not disrupt the trial and would help resolve the damage issues at trial. *Id.*

Discovery has been closed for sixteen months, summary judgment motions have been resolved, and trial is scheduled to commence in approximately 6 weeks. Unlike cases regarding isolated incidents of non-disclosure, in which Courts have ordered the limited reopening of discovery on discrete issues, here, the consistent discovery issues over the course of this action and failure by the Defendants to respond to specific discovery requests leads the Court to believe that the parties would not be able to efficiently cure the prejudice in a way that would not disrupt the orderly and efficient trial of this case. Together, these factors weigh in favor of exclusion.

iii. **Bad faith or Willfulness in Failing to Comply with a Court Order or Discovery Obligation**

Defendants contend that they have not shown bad faith or any willfulness to comply with a court order or discovery obligation, because they identified "former and current employees" and that DOL should have learned the identities and duties of the witnesses through its investigation ECF No. 125 at 4. As detailed above, Defendants "have repeatedly failed to timely disclose relevant information and seemingly withheld responsive material." *Wachtel*, 2005 U.S. Dist. LEXIS 51523, at *31–32 (finding that a "history of dilatoriness and disregard for court orders gives rise to a strong inference of bad faith").

28

Viewing the totality of Defendants' conduct, Defendants' behavior demonstrates, at a minimum, a consistent failure to meet, and, at most, a willful disregard for, their discovery obligations.  While the Court is not inclined to conclusively find that Defendants exhibited bad faith or willfulness, the Court notes its significant concern with Defendants' behavior during discovery.

### iv.       Defendants' Explanation for Failing to Disclose the Evidence

Defendants generally maintain that they did not fail to disclose the executive employees subject to the exemption, because they listed "former and current employees" in their initial disclosures.  ECF No. 125 (citing ECF No. 125-1 at 2, 6);  ECF No. 123 (citing ECF No. 123-1). The Court is unpersuaded, because not only have Defendants failed to show that such boilerplate disclosure is sufficient, *see* footnote 11, they also have not offered any explanation for the failure to supplement their interrogatories.

### v.       Importance of the Excluded Evidence

The importance of the excluded evidence is often the most significant factor in the Rule 37 analysis.  *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012).  Here, because the Court has found that Defendants waived the executive employee affirmative defense by failing to provide sufficient notice to avoid prejudice DOL, any evidence regarding that affirmative defense is not critical.  Finally, even if the Court had not found waiver, exclusion is nonetheless warranted under Rule 37 based on the record and Defendants' consistent failure to respond to discovery requests on the issues related to the executive employee exemption defense.

For the reasons set forth above, the DOL's Amended Motion in Limine to Exclude Evidence Related to Defendants' Executive Exemption Claim, ECF No. 119, and DOL's Motion in Limine to Exclude Undisclosed Witnesses and Evidence, ECF No. 101, will be granted.

**C.     DOL's Amended Motion in Limine to Exclude Testimony and Other Evidence of Employees' Waiver of Rights, ECF No. 121, Will Be Granted**

        **1.     The Parties' Arguments**

DOL seeks to exclude twenty-two affidavits from employees purporting to "withdraw" from this litigation on the grounds that the affidavits (1) raise issues of interference and retaliation; (2) are inadmissible hearsay;  and (3) are irrelevant and prejudicial because employees cannot waive their FLSA rights.  *See* ECF No. 122 & 136.  Defendants oppose DOL's Motion on the grounds that (1) the inference of interference and retaliation is unfounded because the Defendants operate a family business;  (2) the affidavits are relevant because they show that the employees seek to withdraw from this action;  and (3) the affidavits are subject to multiple hearsay exceptions. *See* ECF No. 124.

Because the Court finds that the twenty-two affidavits from employees purporting to "withdraw" from this litigation are irrelevant, the Court need not reach the parties' other arguments.

        **2.     Testimony and Other Evidence of Employees' Waiver of Rights Under the FLSA Will Be Excluded**

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Evidence is relevant if it "has 'any tendency to make a fact more or less probable than it would be without the evidence,' where 'the fact is of consequence in determining the action.'"  *Forrest v. Parry*, 930 F.3d 93, 114 (3d Cir. 2019) (citing Fed. R. Evid. 401).

As previously discussed, this trial is limited to the amount of back wages due for the Defendants' violation of the FLSA's overtime requirement.[12]

---

[12] *See* ECF No. 80 (granting summary judgment on liability issues and awarding liquidated damages).

The FLSA was enacted to "protect certain groups of the population from sub-standard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect these policy considerations, employees cannot waive their overtime rights under the FLSA. *Id.*, at 706–07; *Watkins v. Hudson Coal Co.*, 151 F.2d 311, 314 (3d Cir. 1945).

Under 29 U.S.C. § 216(c), the Secretary of Labor may bring an action to recover the amount of the overtime compensation and an equal amount as liquidated damages upon filing a complaint. Doing so terminates an employee's individual right to bring an action or recover under the individual action provision of the FLSA. *See* 29 U.S.C. § 216(b).

Here, in a case brought by the Secretary in part under 29 U.S.C. § 216(c), Defendants seek to introduce twenty-two affidavits stating: "I would like to withdraw and be released from the U.S. Department of Labor's wage and hour investigation of Fusion Japanese Steakhouse[.]" ECF No. 121–1. Because employees cannot "withdraw" from an action initiated by the Secretary of Labor, such statements are irrelevant to this case.

Thus, DOL's Amended Motion in Limine to Exclude Testimony and Other Evidence of Employees' Waiver of Rights, ECF No. 121, will be granted.

**D.** **DOL's Motion in Limine to Exclude and Strike the Deposition Designations of Yuan Zheng Xiao and Christine Xiao, ECF No. 100, Will Be Granted;**

**1.** **The Parties' Arguments**

DOL seeks to exclude or strike Defendants' designations from the depositions of Defendants Yuan Zheng Xiao and Christine Xiao on the grounds that the use of Defendants' own depositions violates Federal Rule of Civil Procedure 32, and the testimony is inadmissible hearsay. *See* ECF No. 112. Defendants failed to respond to this Motion originally, and failed to respond again after the Court issued a follow-up order providing them with an additional opportunity to respond. *See* ECF Nos. 91 & 134.

**2.** **Defendants' Designations of Yuan Zheng Xiao and Christine Xiao Will Be Excluded and Stricken**

Federal Rule of Civil Procedure 32(a) governs the use of depositions at trial. To use a deposition against a party at trial, the following conditions apply "(A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1).

Here, Defendants designate portions of the depositions of Yuan Zheng Xiao and Christine Xiao, who are each Individual Defendants in this action. ECF No. 94 at 8–9. Despite multiple opportunities to respond, Defendants have failed to show that each of the conditions under Rule 32(a) are met so as to support the use Yuan Zheng Xiao's and Christine Xiao's depositions. *Phillips v. Potter*, Civil Action No. 7-815, 2009 U.S. Dist. LEXIS 73601, at *1 (W.D. Pa. Aug. 19, 2009) (Ambrose, then C.-J.) ("the burden of establishing the admissibility and relevance of evidence rests on the proponent.").

Thus, DOL's Motion in Limine to Exclude and Strike the Deposition Designations of Yuan Zheng Xiao and Christine Xiao, ECF No. 100, will be granted.

### E.  DOL's Motion in Limine and Counter-designations to the Deposition of Wage and Hour Investigator Nicholas Barron, ECF No. 106, Will Be Granted

#### 1.  The Parties' Arguments

DOL filed a motion in limine objecting to Defendants' designation of certain portions of Mr. Barron's deposition, and further enumerated counter-designations for context and completeness. ECF No. 106. Defendants failed to respond to this Motion originally, and failed to respond again after the Court issued a follow-up order providing them with an additional opportunity to do so. *See* ECF Nos. 91 & 134.

#### 2.  Defendants Have Failed to Meet their Burden of Establishing Admissibility and Relevance

As discussed above in Section III.D.2, "the burden of establishing the admissibility and relevance of evidence rests on the proponent." *Phillips*, 2009 U.S. Dist. LEXIS 73601, at *1. Here, Defendants have designated portions of Mr. Barron's testimony in their pre-trial statement. ECF No. 94 at 9–10; ECF No. 106-1 (Mr. Barron's Deposition). In response, DOL filed a chart setting forth either specific objections or counter-designations for completeness, and in some cases both objections and counter-designations. ECF No. 106. Defendants failed to respond to any of the objections, although they were on notice to do so[13] and were ordered to respond. *See* ECF No.134 (specifically noting that "Defendants failed to respond to Plaintiff's … Fifth [106] … Motion[] in Limine. Defendants are HEREBY ORDERED to respond to …106."). In said order, the Court noted that "Failure to file a timely response may result in the granting of Plaintiff's Motion(s) in Limine."

---

[13] Indeed, as discussed in this opinion, Defendants have filed responses to certain of DOL's motions in limine.

Thus, the Court will grant DOL's Motion in Limine with respect to the objections contained therein.  To the extent that DOL made *only* counter-designations to Defendants' designations of Mr. Barron's deposition, the designations and counter-designations may be used at trial in a manner consistent with Rule 32.

### F.      Plaintiff's Motion in Limine to Preclude Inquiries into or Evidence of Employees' Immigration Status, ECF No. 102, Will Be Granted

#### 1.      The Parties' Arguments

DOL seeks to preclude Defendants from questioning witnesses or offering any evidence regarding the immigration status of Defendants' employees on the grounds that (1) the FLSA applies to all workers, regardless of immigration status;  (2) immigration status is irrelevant to the parties' claims and defenses at trial;  and (3) even if such evidence were relevant it would be substantially outweighed by the risk of unfair prejudice.  *See* ECF No. 114.  Despite multiple opportunities to respond, *see* ECF Nos. 91 & 134, Defendants have not responded to Plaintiff's arguments.

#### 2.      Inquiries into or Evidence of Employees' Immigration Status Will Be Excluded as Irrelevant

"It is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant."  *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987).  District courts have consistently found that immigration status is irrelevant during FLSA litigation.  *See, e.g., Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 321–25 (D.N.J. 2005); *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 892 (N.D. Ill. 2013) (collecting cases);  *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1235 (D. Colo. 2012) (collecting cases and noting "the weight of authority clearly holds that a plaintiff's immigration status is irrelevant in an FLSA action.").

Thus, because the employees' immigration status is irrelevant to FLSA's protections, Plaintiff's Amended Motion in Limine to Preclude Inquiries into or Evidence of Employees' Immigration Status, ECF No. 102, will be granted.

### G.   Plaintiff's Motion in Limine to Exclude Evidence or Argument About Defendants' Financial Status or Inability to Pay a Judgment, ECF No. 103, Will Be Granted

#### 1.   The Parties' Arguments

DOL seeks to preclude Defendants from offering any evidence or argument that they cannot pay a substantial judgment or that a judgment in DOL's favor would cause them to close or lay off employees on the grounds that (1) the inability to pay is not a defense under the FLSA and (2) any evidence or argument about Defendants' inability to pay a judgment is irrelevant and unduly prejudicial.  *See* ECF No. 115.  Despite multiple opportunities to respond, *see* ECF Nos. 91 & 134, Defendants have not responded to Plaintiff's arguments.

#### 2.   Evidence or Argument about Defendants' Financial Status or Inability to Pay a Judgment Will Be Excluded as Irrelevant

Having failed to respond, Defendants have not identified authority showing that their financial status or inability to pay a judgment would be relevant.  Further, the Court finds that such evidence would be irrelevant.  FLSA cases considering economic hardship have found that "[d]efendants' financial condition is not probative of whether [p]laintiffs' are entitled to relief for unpaid overtime and other wages" under the FLSA.  *Abundes v. Athens Food Servs.*, No. 3:14 C 01278, 2017 U.S. Dist. LEXIS 232056, *11–12 (M.D. Tenn. Mar. 22, 2017);  *Wirtz v. Malthor, Inc.*, 391 F.2d 1, 3 (9th Cir. 1968) ("the small size of appellees' business and the possible hardship caused them by having to pay the withheld wages and compensation do not warrant refusing the restraint.");  *Wirtz v. Flame Coal Co.*, 321 F.2d 558, 561 (6th Cir. 1963) ("[T]he standard of public interest is not measured by the possible consequences which may befall one small business

establishment when forced to comply with the law, but by the present or future existence of substandard labor conditions.").

Thus, Plaintiff's Motion in Limine to Exclude Evidence or Argument About Defendants' Financial Status or Inability to Pay a Judgment, ECF No. 103, will be granted.

## IV.      Conclusion

For the foregoing reasons, the Court ORDERS as follows:

A.   Defendants' omnibus Motion in Limine to Exclude DOL's Exhibit P1, P3 to P27, ECF No. 109, is

    1.   **GRANTED** in part, such that proposed Exhibit P-5 will be excluded;

    2.   **DENIED** in part, such that proposed Exhibits P-1, P-23, P-24, P-25, P-26, P-27 will not be excluded;

    3.   **DENIED** in part and **DEFERRED** in part, such that P-3, P-4, and P-6 through P-22 will not be excluded subject to further information from the parties:

        i.   First, to the extent that the Kitchen Employee Statements contain statements by employees outside of those enumerated above, the parties are HEREBY ORDERED to meet and confer on or before **February 16, 2022** and revise and resubmit joint exhibits with the inadmissible information redacted on or before **February 23, 2022**;

        ii.   Second, it is FURTHER ORDERED that the parties shall meet and confer on or before **February 16, 2022** to discuss any hearsay objections to the Written Employee Statements on the grounds of translation or interpretation, and to file a joint status report on or before **February 23,**

**2022** indicating:  (1) which of the Written Employee Statements were subject to translation or interpretation;  (2) which, if any, of the Written Employee Statements that were subject to translation or interpretation DOL may offer at trial;  and (3) which, if any, of the Written Employee Statements Defendants maintain a hearsay objection to on the grounds of translation or interpretation.

iii. Third, to the extent, after conferral, Defendants maintain a hearsay objection on the grounds of translation or interpretation with respect to one or more of the Written Employee Statements that DOL may offer at trial, DOL shall be required to file a supplemental memorandum not to exceed five pages double-spaced, on or before **February 25, 2022** as to why such objected-to Written Employee Statements are admissible;  and Defendants shall submit a response not to exceed five pages double-spaced, on or before **March 1, 2022**.

iv. Following submission of the parties' Joint Report and any related supplemental memoranda, the Court will refine its ruling on admissibility of Written Employee Statements that are implicated by interpretation or translation issues.

B. DOL's Amended Motion in Limine to Exclude Evidence Related to Defendants' Executive Exemption Claim, ECF No. 119 is **GRANTED**;

C. DOL's Motion in Limine to Exclude Undisclosed Witnesses and Evidence, ECF No. 101, is **GRANTED**;

D.  DOL's Amended Motion in Limine to Exclude Testimony and Other Evidence of Employees' Waiver of Rights, ECF No. 121, is **GRANTED**;

E.  DOL's Motion in Limine to Exclude and Strike the Deposition Designations of Yuan Zheng Xiao and Christine Xiao, ECF No. 100, is **GRANTED**;

F.  DOL's Motion in Limine and Counter-designations to the Deposition of Wage and Hour Investigator Nicholas Barron, ECF No. 106, is **GRANTED**;

G.  DOL's Motion in Limine to Preclude Inquiries into or Evidence of Employees' Immigration Status, ECF No. 102, is **GRANTED**; and

H.  DOL's Motion in Limine to Exclude Evidence or Argument About Defendants' Financial Status or Inability to Pay a Judgment, ECF No. 103, is **GRANTED**.


DATED this 9th day of February, 2022.

<div style="margin-left:40%">

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

</div>


cc (via ECF email notification):

All Counsel of Record