IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>FUSION JAPANESE STEAKHOUSE, INC.,<br>FUSION JAPANESE STEAKHOUSE, INC.,<br>Z&S INTERNATIONAL CUISINE, INC.,<br>YUAN ZHENG XIAO, and CHRISTINE XIAO,<br><br>Defendants. | Civil Action No. 19-cv-496-CCW |

**CONSENT JUDGMENT**

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (hereinafter "the Act"). Defendants named above, hereinafter referred as "Defendants" or "Employers," have appeared by counsel, waive any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1.      Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within

the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.	Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 5 Trinity Point Drive, Washington, PA 15301, 1500 Grand Central Avenue, Vienna, WV 26105, and 425 Cabela Drive, Triadelphia, WV, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.	Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 5 Trinity Point Drive, Washington, PA 15301, 1500 Grand Central Avenue, Vienna, WV 26105, and 425 Cabela Drive, Triadelphia, WV, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4.	Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

   a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

   b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

   c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount of $725,000.00 and are jointly and severally liable for the payment of $725,000.00 in liquidated damages, due to certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof. Defendants shall pay gross back wages and liquidated damages in the total amount of $1,450,000.00 for violations of the overtime provisions of the Act by Defendants that occurred during the period October 18, 2014, through October 7, 2017 ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated

damages pursuant to the provisions of the Act.

6.  Regarding the matter of the civil money penalty ("CMP"), Defendants have agreed that the amount currently due and payable is $76,724.00, that they are jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all rights to appeal or contest such assessment.

7.  Defendants shall pay the above referenced amounts, plus interest of 1.0% in accordance with the interest agreement that is attached hereto as Exhibit B and incorporated herein. As set forth in Exhibit B, if Defendants elect to pay the full balance of back wages, liquidated damages and the civil money penalty within thirty (30) days of the entry of this Consent Judgment, no interest payment needs to be paid. As set further in Exhibit B, if Defendants elect to pay the full remaining balance of back wages, liquidated damages and the civil money penalty after the thirtieth (30th) day and before the ninetieth (90th) day of the entry of this Consent Judgment, an interest payment of $3,311.61 shall also be paid. Within ninety (90) days of the entry of this Consent Judgment, Defendants shall pay the full amount of the above referenced back wages, liquidated damages, civil money penalty and interest.

Payments made in accordance with this Consent Judgment shall be made as follows:

a.  For payments related to the back wages and liquidated damages, payments may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov. Alternatively, payments may be made by a certified check, bank check, or money order made payable to "**Wage and Hour Division-Labor**," and mailed to:

> United States Department of Labor
> Wage and Hour Division

Attn: William E. Schweizer<br>
Northeast Regional Office<br>
1835 Market Street<br>
19th Floor, Mailstop WHD/19,<br>
Philadelphia, PA 19103-2968

The check or money order shall bear the following reference: Case ID Nos. 1757627, 1768955, and 1768957.

      b.      For the payment related to the civil money penalty, payments may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov.  Alternatively, payments may be made by a certified check, bank check, or money order made payable to Wage and Hour Division-Labor," and mailed to:

United States Department of Labor<br>
Wage and Hour Division<br>
Attn: William E. Schweizer<br>
Northeast Regional Office<br>
1835 Market Street<br>
19th Floor, Mailstop WHD/19,<br>
Philadelphia, PA 19103-2968

The check or money order shall bear the following reference: Case ID Nos. 1757627, 1768955, and 1768957.

      c.      The Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A.  Schedule A will show for each individual the gross back pay due (subject to legal deductions), and liquidated damages.  Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such

sums, shall be deposited with the Treasurer of the United States of America pursuant to 29 U.S.C § 216(c). Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

8. It is FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendants fail to make the payments as set forth in Paragraph 7 above, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

    a. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of the appointment.

    b. All the expenses of the accountant or Receiver shall be borne solely by the Defendants.

    c. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

    d. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debts that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

9. The provisions of this Consent Judgment shall not in any way affect any legal

right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

10. Within thirty days of the entry of an order approving this Order, Defendants will provide the Wage and Hour Division with the current or last known address, telephone number, and social security number (or individual taxpayer identification number (if either are known)) of each individual identified on the attached Schedule A, to the extent Defendants have such information.

11. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

12. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after October 7, 2017, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

13.     Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

14.     By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

15.     It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

/s/ Christy Criswell Wiegand
UNITED STATES DISTRICT JUDGE

Dated:   March 16, 2022

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For Defendants: Fusion Japanese Steakhouse, Inc., a Pennsylvania corporation; Fusion Japanese Steakhouse, Inc., a West Virginia corporation; Z&S International Cuisine, Inc., a West Virginia corporation; Yuan Zheng Xiao; and Christine Xiao

_____
Yuan Zheng Xiao
Individually, and as owner and president of Fusion Japanese Steakhouse, Inc., a Pennsylvania corporation, Fusion Japanese Steakhouse, Inc., a West Virginia corporation, Z&S International Cuisine, Inc., a West Virginia corporation

_____
Christine Xiao
Individually, and as owner and manager of Fusion Japanese Steakhouse, Inc., a West Virginia corporation

_____
Jian Hang, Esq.
136-20 38th Ave., Suite 10 G
Flushing, New York 11354
jhang@hanglaw.com
Attorney for Defendants

Dated: 3/15/2022

For the Secretary:

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

_____
Brian P. Krier
Senior Trial Attorney
PA ID #313826

Edwin M. Ferguson
Trial Attorney
PA ID# 326670

U.S. Department of Labor
Office of the Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
215-861-5141 (phone)
215-861-5162 (fax)
krier.brian@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Dated: 3/16/2022